```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**RONALD MURRAY,**

                Petitioner,

       v.                                    CASE NO. 08-3125-SAC

**SAM CLINE,**

                Respondent.

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Petitioner seeks to challenge his conviction by a jury in the Edwards County District Court, Kinsley, Kansas, of aggravated battery. He was sentenced on April 21, 2004, to 71 months imprisonment. Petitioner also seeks leave to proceed without prepayment of fees (Doc. 3), and the court finds his motion should be granted.

On April 2, 2008, Mr. Murray filed in this court a prior petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction by a jury in the Edwards County District Court, Kinsley, Kansas, of aggravated battery and his sentence on April 21, 2004, to 71 months in prison. <u>Murray v. Cline</u>, No. 08-3096 (D.Kan.) An Order to Show Cause issued to respondents in the prior case, and an Answer and Return has been filed with the State court records as well as petitioner's Traverse. Thus, the first habeas corpus petition filed by Mr. Murray was ready for consideration, and petitioner has been requesting expedited treatment. However, petitioner has now filed this second habeas corpus petition challenging the same conviction as the first.

A prisoner is to bring all challenges to his state-court conviction in one § 2254 proceeding, and piecemeal litigation is discouraged. Rose v. Lundy, 455 U.S. 509, 521 (1982); Sanders v. United States, 373 U.S. 1, 18 (1963)(The courts will not tolerate, even with a traditionally equitable remedy such as habeas corpus, "needless piecemeal litigation . . . to vex, harass or delay."). Petitioner does not allege that he was previously unaware of the facts underlying the grounds raised in this new case, or that they resulted from a change in the law.  In any event, Mr. Murray should not have filed this second habeas corpus petition.  Instead, he should have raised these claims in his prior habeas corpus petition either in the original Petition or by motion to amend that Petition. This second petition and the claims therein are subject to being dismissed as an abuse of the writ.

Moreover, federal statutes provide strict limitations on a "second or successive habeas corpus application," including that claims already considered in the prior application or not presented in the prior application "shall be dismissed;" 28 U.S.C. § 2244(b)(1) and (2).[1]  Furthermore, before a second or successive application is filed in district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  These provisions may not technically apply to Mr. Murray's second habeas petition at this time, because his first

---

[1] 28 U.S.C. 2244(b)(1) and (2) provide: (1) A claim presented in a second or successive habeas corpus application under 2254 that was presented in a prior application shall be dismissed.  (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . ."

2

petition has not yet been determined.  Nevertheless, it is clear he is entitled to only one habeas corpus proceeding in federal court in which to litigate all his claims relating to the conviction and sentence under challenge.

The court thus finds that Mr. Murray has improperly filed this second federal habeas corpus petition challenging his 2004 state conviction.  However, he proceeds pro se in this and his prior action, and the court is required to liberally construe his pleadings.  Petitioner will be given time to state to the court under which of three alternatives he prefers to proceed: (1) the court's dismissal of this action as abusive; (2) the court's dismissal of this action without prejudice, and an order entered in Case No. 08-3096, giving petitioner time to file an "Amended Petition" in his prior case to include the claims he presents in this case; or (3) consolidation of this and his prior case, with the Petition filed in this case construed as an "Amended Petition," which incorporates in full the original Petition in Case No. 08-3096.  If Murray's first Petition in Case No. 08-3096 is amended under either option (2) or (3) to add claims, respondents will then be given time to file an Answer and Return in response to those additional claims.  The court reiterates that Mr. Murray gets only one chance to challenge his 2004 Edwards County conviction and sentence in federal court.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to advise the court which of the three options described above he intends to proceed under in litigating his federal habeas corpus claims.

3

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 3) is granted, and petitioner's Motion to submit exhibits (Doc. 5) in support of Memorandum of Law is granted.

**IT IS SO ORDERED**.

Dated this 25th day of June, 2008, at Topeka, Kansas.


                              s/Sam A. Crow
                              U. S. Senior District Judge